IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **ROCHELL TALLEY,** | * | |
| *Plaintiff*, | * | |
| v. | * | Case No. RWT 16cv389 |
| **OCWEN LOAN SERVICING,** *et al.* | * | |
| *Defendants*. | * | |

## **MEMORANDUM OPINION**

Plaintiff Rochell Talley filed this pro se action in the Circuit Court for Prince George's County challenging events related to a mortgage loan and subsequent foreclosure. ECF No. 2. The Defendants timely removed to this Court, ECF No. 1, and moved to dismiss, ECF Nos. 17, 23. The Plaintiff has also filed a Motion for Temporary Restraining Order, ECF No. 16-2,[1] and the Defendants have filed a Motion to Enjoin the Plaintiff from future filings, ECF No. 16. The issues have been fully briefed, and no hearing is necessary. Local Rule 105.6. For the reasons that follow, the Motions to Dismiss shall be granted. The remaining motions shall be denied.

**I.    Factual Background**

On May 23, 2005, the Plaintiff executed an Adjustable Rate Note payable to Defendant IndyMac, secured by a Deed of Trust on property at 9111 Duvall Road in Upper Marlboro, Maryland, which was recorded on July 13, 2005. ECF No. 2, at 4; ECF No. 17-1, at 7. The Plaintiff alleges that the loan "was immediately sold and securitized after closing." ECF No. 2, at 5. The Plaintiff further alleges that the transfer was completed without notice to the Plaintiff,

---

[1] ECF No. 6, which is docketed as the Plaintiff's Motion for Temporary Restraining Order, is actually the TRO from the foreclosure proceeding. The Defendants have attached a copy of the Plaintiff's Motion for a TRO for this proceeding to their Motion to Enjoin, ECF No. 16-2.

without required endorsements, and in violation of several laws. *Id.* at 5–6. On August 20, 2014, Defendant Ocwen began foreclosure proceedings in Prince George's County Circuit Court, and on January 29, 2015, that court ordered that a foreclosure sale could be scheduled. *WBGLMC, et al. v. Talley*, CAEF14-22376, Dkts. 1, 8. The Plaintiff responded by filing two motions for temporary restraining orders, which the court denied. *Id.*, Dkts. 9, 10, 11. The Plaintiff filed the current action on January 5, 2016, and the Defendants were served on January 11 and 13, 2016. *Talley v. Ocwen Loan Servicing LLC, et al.*, CAE16-00030, Dkts. 1, 5, 6, 7, 8, 9. The Defendants removed to this Court on February 11, 2016. ECF No. 1.

## II.     Standard of Review

In a ruling on a motion to dismiss, the Plaintiff's well-pleaded allegations are accepted as true and the Complaint is viewed in the light most favorable to the Plaintiff. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "However, conclusory statements or a 'formulaic recitation of the elements of a cause of action will not [suffice].'" *E.E.O.C. v. Performance Food Grp., Inc.*, 16 F. Supp. 3d 584, 588 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555).

A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Nonetheless, liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint in order for it to survive a motion to dismiss. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.     Analysis

#### a. Collateral Review of State Court Actions

Much of Plaintiff's Complaint and his Opposition relate to his assertion that the foreclosure proceedings rely on fraudulent representations by the Defendants. The Plaintiff protests that the Defendants do not have standing to foreclose and so have engaged in a conspiracy to deceive the state court. *See, e.g.*, ECF No. 28, at 11. These arguments are a collateral attack on the state court's judgments in the ongoing foreclosure action, in which the state court has already permitted the parties to schedule a foreclosure sale and denied Plaintiff's objections. "The Maryland courts and this Court, applying Maryland law, have consistently held that *res judicata* bars collateral attacks on foreclosure judgments entered in the Circuit Courts." *Jones v. HSBC Bank USA, N.A.*, No. RWT 09CV2904, 2011 WL 382371, at *5 (D. Md. Feb. 3, 2011), *aff'd*, 444 F. App'x 640 (4th Cir. 2011). Although the foreclosure proceeding has not been finalized, in denying the Plaintiff's motion to object, the state court necessarily ruled that the Defendants had standing to foreclose. Any ruling by this Court to the contrary would be improper. Therefore, this Court will consider the Plaintiff's Complaint only as it relates to issues separate from the foreclosure proceeding.

#### b. Statute of Limitations (Counts I-IX)

In his response, the Plaintiff claims that Counts I-IX are not time-barred because they are part of an on-going conspiracy, the final act of which will not be completed until the foreclosure is finalized. ECF No. 28, at 8. The Plaintiff, however, has not alleged a conspiracy in Counts I-IX, but rather one-time violations of statutory provisions requiring disclosures in mortgage lending. ECF No. 2, 12–18. The Plaintiff has failed to explain how these violations related to any alleged conspiracy with regards to the foreclosure proceedings. Furthermore, to

the extent that the Plaintiff alleges this conspiracy as a means to divest the Defendants of standing in the foreclosure proceedings, such an action would be barred by the judgment in the state court denying the Plaintiff's motion challenging the foreclosure.  Absent any conspiracy, the alleged violations in Counts I-IX occurred in 2005; they are time-barred and the Counts will be dismissed.

### c. Failure to Disclose Itemization of Charges (Count X)

It is unclear under what authority the Plaintiff makes the allegations in Count X.  His first cited authority, 12 U.S.C. § 2610 (2014), prohibits fees for preparation of certain lending statements.  For his second authority, he cites 12 C.F.R. § 226.21, but 12 C.F.R. § 1026.21 is the more relevant citation.  Both relate to credit balances, not acceleration periods.  While the Court must liberally construe pro se pleadings, it may not "construct [the Plaintiff's] legal arguments for him," *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), or "conjure up questions never squarely presented."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  Accordingly, Count X fails to state a claim and shall be dismissed.

### d. Violations of RESPA (Count XII)

In Count XII, Plaintiff asserts that the Defendants violated the Real Estate Settlement Procedures Act ("RESPA").  The allegations in this Count, however, clearly relate to whether the Defendants have standing to enforce the debt. ECF No. 2, at 21 ("Plaintiff have [sic] previously made written demands to Defendants to show evidence of standing to claim a debt and Defendants have refused to evidence such standing.").  This element of Count XII is barred by the state court action and will be dismissed.  What remains of Count XII appears to allege a violation of RESPA related to the transfer of the loan, but the Plaintiff has not alleged specific facts to support the claim.  Count XII shall be dismissed.

    **e. Negligent Supervision (Count XVI)**

Plaintiff's claim for Negligent Supervision is so lacking in specificity it is unclear what the Plaintiff alleges the agents of the Defendants did, other than that the actions were "unlawful." ECF No. 2, at 24–25. The Court may not—and in this case, cannot—redraft the Complaint to state a plausible cause of action. Count XVI shall be dismissed.

    **f. Fraud- and Misrepresentation-Based Claims (Counts XI, XIII–XIV, XVI)**

The Plaintiff's remaining claims are all based on underlying fraud, including unfair trade and debt collection practices, slander of title, and common law fraud. The Defendants assert that the Plaintiff has failed to meet the heightened pleading standard in fraud claims required by Rule 9(b) of the Federal Rules of Civil Procedure. ECF No. 29, at 2–3. The Court agrees. The Plaintiff refers to "misrepresentation," "false correspondence," "false statements," and "Defendant' [sic] use of deceit of trickery," ECF No. 2, at 21–26, but alleges few specific facts. What specific facts the Plaintiff does allege in these claims all relate directly to the foreclosure proceeding. *See, e.g.*, *id.* at 23 ("In 2015, the Defendants intentionally instituted foreclosure against Plaintiff based upon fraudulent documents in the Prince Georges [sic] County Court."). The claims lack ordinary specificity, and certainly do not meet the heightened specificity required for fraud pleadings. These claims shall be dismissed.

**IV.    Plaintiff's Motion for a Temporary Restraining Order and Defendants' Motion for a Temporary Restraining Order**

Before this case was removed from state court, the Plaintiff filed a motion for a temporary restraining order. ECF No. 16-2. In light of this Court's dismissal of this action, the motion shall be denied.

Defendants have also filed a motion for a temporary restraining order barring the Plaintiff from future filings. ECF No. 16-1. This Court does not have jurisdiction to enjoin the Plaintiff

from submitting filings in state court. In regards to enjoining future filings in this Court, the Plaintiff has not yet reached the requisite threshold of "vexatious." "The factors to be considered in evaluating a prefiling injunction are: (1) the litigant's history of vexatious litigation; (2) whether the litigant has an objective good faith belief in the merit of the action; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense or unnecessary burdens on the opposing party and/or the court; and (5) the adequacy of other sanctions." *See Whitehead v. Viacom*, 233 F. Supp. 2d 715, 726 (D. Md. 2002), *aff'd sub nom. Whitehead v. Viacom, Inc.*, 63 F. App'x 175 (4th Cir. 2003). Plaintiff is a pro se litigant who has filed one lawsuit with several motions, which, while ultimately unsuccessful, all profess a sincere, if erroneous, belief that relief is warranted. An order enjoining future filings would inappropriately curtail the Plaintiff's access to the courts. The Defendants' motion shall be denied.

### V.     Conclusion

For the foregoing reasons, the Defendants' Motions to Dismiss shall be granted and the Motion for a Temporary Restraining Order denied. The Plaintiff's Motion for a Temporary Restraining Order shall be denied. A separate Order follows.

Date:   April 5, 2016                                           /s/
                                                                ROGER W. TITUS
                                                                UNITED STATES DISTRICT JUDGE